**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kenneth Myers and Karen Myers, Defendants,

Of whom Kenneth Myers is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000041

————————

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

————————

Unpublished Opinion No. 2022-UP-200
Submitted May 12, 2022 – Filed May 13, 2022

————————

**AFFIRMED**

————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Patrick A. McWilliams, of South Carolina Department of
Social Services, of Orangeburg; and Scarlet Bell Moore,
of Greenville, both for Respondent.

James B. Jackson, Jr., of Orangeburg, for the Guardian ad Litem.

---

**PER CURIAM:**  Kenneth Myers (Father) appeals the family court's findings from a merits removal order.  On appeal, Father argues the family court erred in (1) finding he physically abused his minor child (Child) and (2) ordering no contact between Father and Child until recommended by a counselor.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

We hold a preponderance of the evidence supports the family court's finding that Father physically abused Child.  *See* S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2021) ("'Child abuse or neglect' or 'harm' occurs when: (a) the parent, guardian, or other person responsible for the child's welfare: (i) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . .").  At the merits hearing, Father and Karen Myers (Mother) gave differing accounts of how Child sustained injuries to her face, arms, and back.  Father testified Child fell and hit her face on the wall after he attempted to "re-direct her" from walking away but could not account for the scratch on Child's back and bruise on her arm.  Mother testified she intervened between Child and Father while they were arguing and fell, taking Child with her and causing Child to hit her face on the wall.  However, three days after the incident, Mother filed for a domestic violence order of protection from Father and included an affidavit swearing that Father struck Child during the incident and caused Child's injuries.  Additionally, Mother admitted her relationship with Father had "become physical" in the past, and Father was convicted of domestic violence in 2005.  Finally, Mother acknowledged Child told law enforcement Father caused her injuries by striking her, and the GAL reported Child "was clear in her account" that Father struck her on the night in question.  Thus, we hold a preponderance of the evidence showed Father physically abused Child.

As to the issue regarding the family court's order that Father and Child not have contact until recommended by a counselor, we hold this issue is not properly preserved for our review because Father never raised it to the family court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.